# Britton *versus* Commonwealth.

A distiller of whiskey, who has paid the annual county tax for a distiller's license, may sell the whiskey manufactured by him, in quantities not less than one gallon, at any one place within the county, other than at his distillery.

February 7, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Quarter Sessions of *Fayette county:* Of January Term, 1884, No. 101.

Indictment of William Britton, for selling liquor without a license. Plea, not guilty.

On the trial, it was proved that the defendant sold whiskey in the borough of Connellsville, Fayette county, in quantities not less than one gallon, which he had manufactured at his distillery in the borough of Brownsville, in said county. Further, that the defendant was appraised as a distiller in said county, and had paid the proper county tax, as distiller, for the year in question; it was not shown that he sold liquor at his distillery, or at any other place within the county except in the borough of Connellsville.

[Britton *v.* Commonwealth.]

The court charged the jury as follows: " The defendant's counsel has requested us to instruct you that the payment of this distillery tax did give him the right to sell this manufactured liquor at any one place in the county, but no other. But under the view that we take of the law we refuse to so instruct you, and instruct you that the payment of the tax in 1882, by William Britton, to the county treasurer on his distillery in Brownsville, would not authorize him to sell in Connellsville the whiskey made at his Brownsville distillery, and that therefore, under the evidence in this case, it will be the duty of the jury to render a verdict of guilty if you believe the witnesses who have testified in regard to the alleged sales."

Verdict, guilty. The defendant was sentenced to pay a fine of $200, and the costs of prosecution, and to stand committed until the sentence was complied with. The defendant, having obtained a special allocatur, took this writ of error, assigning for error the above instruction of the court, and the sentence.

*R.·H. Lindsey* and *A. D. Boyd*, for the plaintiff in error.

(The Commonwealth was not represented.)

Mr. Justice CLARK delivered the opinion of the court, February 25, 1884.

By the Act of 10th April, 1849, it was provided, that the mercantile appraisers of the respective counties should embrace in their annual returns, to the respective county treasurers, all the breweries and distilleries in their respective counties, with the names of the owners, and the number of gallons of liquors brewed or distilled by each, respectively, per annum; brewers and distillers were classified according to the amount of their annual sales, and certain specific rates or sums were established, as the price of license in each class; these sums they were required to pay according to the appraiser's return, for license to conduct their said business in the proper county, as other venders of merchandise were annually required to do. Under the Act of 31st March, 1856, the mode of assessment and classification remained the same, as under the Act of 1849, but the rates of licenses were increased, and it was provided that such license should not authorize sales of less than five gallons, except malt and brewed liquors, which might be bottled and delivered in quantities not less than one dozen bottles. The Act of 20th April, 1858, after making some modifications in the rates, provides that brewers and distillers may thereafter sell any

liquors, which they have been licensed to manufacture and sell, in any quantity not less than one gallon.

The defendant below is the owner or operator of a distillery, located in Brownsville, Fayette county, where he manufactures whiskey; his distillery has been, from year to year, regularly appraised and returned by the mercantile appraiser of Fayette county, and, in pursuance thereof, he has regularly paid to the county treasurer of that county his distiller's tax, and, at the trial, he exhibited a receipt or license covering the period of time at which the offence charged in the indictment is alleged to have been committed, in the following form, viz:

"Received of William Britton twenty-five dollars, which entitles him to distillers' license for one year from date, in the County of Fayette, in Pennsylvania.

LEVI BRADFORD,
June 1, 1883.                                    County Treasurer.

There is no contest made in regard to the alleged sales, but the defendant claims that, having paid a tax as a distiller, carrying on his business at Brownsville, he had a right to sell the whiskey, of his own manufacture, at Connellsville, or at any other single point in Fayette county. He concedes that he must manufacture and sell within the county, and that he cannot sell at more than one point in the county, but he contends that the place of sale may be in the same or a different municipal division of the county, as he may choose; that there is nothing in the law which necessarily restricts the place of sale to the place of manufacture, if both be conducted within the county in which he has the license to operate.

The license of a distiller, under the provisions of the several Acts of Assembly referred to, appears to confer a privilege to be exercised within the proper county. He is appraised, taxed, and licensed in the same manner as a vender of merchandise, upon the return of the mercantile appraiser, and the license thus obtained secures the privilege, not only to manufacture, but to sell the product; there is no requirement expressed in the statute that this sale shall be conducted at the precise place of manufacture. The applicant for a distiller's license is not required, as a licensed retailer is, in an application to set forth the particular place in which his business is proposed to be conducted, or to designate the building with its adaptations to the particular purposes of the license. The business, like that of a vender of merchandise, is open to all who may choose to engage in it, upon compliance with the law. There is nothing expressed in the statute, or in the

![[Britton *v.* Commonwealth.]

form of license prescribed by law, or in the form of procedure to obtain it, which restricts the business to any particular place, or to any sub-division of the county.

Under the revenue laws of the United States, distilled spirits can only be withdrawn from the distillery warehouse, and made the subject of sale and delivery on payment of the revenue tax thereon, and, when this tax has been paid, they must be removed at once; if suffered to remain "on the distillery premises," they are forfeited to the United States. Rev. Stat. U. S., § 3288. The place of manufacture cannot, therefore, in the nature of the case, be the place of sale. If the liquor which the defendant was licensed to manufacture and sell, must necessarily be manufactured in one place, and under existing laws sold in a different place, how can it be seriously contended that the place of sale is to be determined by, or limited to, the place of manufacture? It may be anywhere else in the county, but it cannot be there.

The defendant has been indicted for, and convicted of, a criminal offence, an offence created by statute, and as this, as well as all other penal statutes, must be strictly construed, we cannot import into its provisions a prohibition which it certainly does not express.

We are of opinion, therefore, that the defendant was protected, in his sales of liquors at Connellsville, by his distillers' license, which gave him the right to manufacture liquors and to sell them at any single point within the county of Fayette.

We are not informed that there is in Connellsville any statutory local prohibition against the sale of liquors, and we are, therefore, not to be understood as expressing any opinion upon the effect of such a prohibitory law, where it does exist, upon the license of a distiller; it will be time enough to determine that question when it arises and is properly before us.

> The judgment is reversed, and the record with this opinion, setting forth the causes of reversal, is remanded to the Court of Quarter Sessions of Fayette county, for further proceedings.